UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JARED S. COLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV32 HEA |
| | ) | |
| DAVE DORMIRE and CHRIS KOSTER, | ) | |
| Attorney General of the State of Missouri, | ) | |
| | ) | |
| Respondents. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Magistrate Judge Mummert's Order and Report and Recommendation of January 20, 2011. Judge Mummert recommends that Petitioner's Petition for Writ of Habeas Corpus, [Doc. No. 1], be denied. Petitioner has filed written objections to the Report and Recommendation.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus is denied.

## **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362

(2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409. See also, *Bell-Bey v. Roper*, 499 F.3d 752, (8th Cir. 2007)("To be unreasonable, the state court's application of Supreme Court precedent must have been 'objectively unreasonable,' a standard that is more demanding than simply being 'incorrect or erroneous.' *Wiggins v. Smith*, 539 U.S. 510, 520-21(2003).").

"'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *Evenstad v. Carlson*, 470 F.3d 777, 782-83 (8th Cir.2006) (quoting *Williams v. Taylor*, 529 U.S. 262, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to

point to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. *Id*. at 283 (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir.2006); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir.2000)). Thus, where there is no federal law on a point raised by a habeas petitioner, a federal court cannot conclude either that a state court decision is "'contrary to, or involved an unreasonable application of, clearly established Federal law' under 28 U.S.C. § 2254(d)(1)." *Id*. at 784. "When federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1). *Id*. at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir.2002)). See also *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir.2001) (holding that in the absence of controlling Supreme Court precedent, a federal court cannot reverse a state court decision even though it believes the state court's decision is "possibly incorrect").

## Discussion

Petitioner objects to Judge Mummert's conclusion that his trial attorney, Bradford Kessler, did not provide ineffective assistance of counsel due to an alleged conflict of interest. The Court agrees with the Missouri Court and Judge Mummert that the record establishes that a conflict of interest did not exist. Moreover, although Petitioner continuously argues that a conflict of interest existed because Kessler and Diemer became partners after Kessler began

- 4 -

representation of Petitioner and recommended Diemer to Petitioner's brother, Nathaniel for representation, Petitioner fails to present any evidence of prejudice, other than his own belief, because of the alleged conflict. Regardless of who represented Nathaniel, Kessler would not have called him to testify based on his belief that Nathaniel's testimony would hinder, rather than help Petitioner's case. Furthermore, regardless of who represented Nathaniel, it is more likely than not that any attorney would have advised Nathaniel to invoke his Fifth Amendment rights.

Petitioner also objects to the finding that Sharon Turlington, another one of Petitioner's attorneys, did not provide ineffective assistance of counsel with regard to her investigation of whether Lackland, a witness who testified for the prosecution, received leniency for his testifying. Initially, as Judge Mummert correctly finds, this ground for relief is procedurally barred because Petitioner did not raise it in his post conviction motion. For the reasons extensively discussed in Judge Mummert's Report and Recommendation, the Court agrees that this ground is procedurally barred.

Moreover, as the record establishes, Turlington specifically asked Lackland and the prosecutor whether Lackland was given a deal for testifying in Petitioner's trial. Although Petitioner refuses to believe the answers to these questions,

Turlington's actions in this regard are within the realm of what a reasonable attorney would do given the results of her investigation, as discussed by Judge Mummert.

Petitioner's third objection claims that appellate counsel was ineffective for failing to pursue on direct appeal a challenge to Petitioner's agreement to waive a jury trial in exchange for the State's foregoing seeking the death penalty. Petitioner argues that because the Supreme Court of Missouri, in *State ex rel. Simmons v. Roper*, 112 S.W.3d 397 (2003), held that the death penalty cannot be imposed on juveniles, appellate counsel should have argued this on appeal.

At the time of Petitioner's plea, imposition of the death penalty on juveniles was allowed by law. The Missouri Appellate Court ruled that even though this issue was not raised on appeal, the post conviction motion court determined that Petitioner's guilty plea would not have been set aside had it been raised. Thus, as Judge Mummert correctly found, because an attorney cannot provide ineffective assistance in omitting an unwinnable issue from direct appeal, Petitioner's basis for his habeas petition, and his objection to Judge Mummert's recommendation that this ground be denied, are without merit.

## **Certificate of Appeal ability**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed in Judge Mummert's Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

## Conclusion

Judge Mummert's Order and Recommendation carefully considers Petitioner's arguments and the applicable law. The Court agrees that none of the issues raised in Petitioner's Petition warrant relief. As such, Petitioner's objections are overruled and the Court will adopt Judge Mummert's Recommendations in their entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Jared S. Cole for a Writ of Habeas Corpus, [Doc. No. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 31st day of March, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE